UNITED STATES DISTRICT COURT

Southern District of FLORIDA

Case No.:
26-cv-81154-BER

DR JIMMY LAFAILLE
Plaintiff,

FILED BY [illegible] D.C.
SEP 11 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Urgent Motion To Preserve All communication logs (Audio + Digital) please see certificate

vs.

TEBRA TECHNOLOGIES, INC. (d/b/a Tebra / Kareo),
Defendant.

**PRO SE COMPLAINT FOR MULTI-YEAR STRUCTURAL BREACH OF CONTRACT, CONCEALMENT OF CRITICAL AUDIT LOGS, GROSS NEGLIGENT SECURITY BREACHES, AND INTENTIONAL DESTRUCTION OF HEALTHCARE PRACTICE OPERATIONS DEMANDING $100,000,000 IN TOTAL DAMAGES**

The Plaintiff, [DR JIMMY LAFAILLE], appearing Pro Se, sues the Defendant, TEBRA TECHNOLOGIES, INC., and alleges:

1. **JURISDICTION AND VENUE**: This is an action for multi-year structural breach of contract, gross data negligence, and intentional commercial sabotage vastly exceeding $50,000, exclusive of interest and costs, falling under the jurisdiction of the Circuit Court of Palm Beach County, Florida. Venue is proper in the West Palm Beach division pursuant to Florida Statute 47.011 because the cloud server failures, the withholding of security logs, the systemic blocking of Plaintiff's MacBook billing platforms, and the resulting severe financial and housing injuries occurred entirely within Palm Beach County, Florida. Service of process for Tebra Technologies, Inc. is directed to its official registered agent: National Registered Agents, Inc., 1200 S. Pine Island Road, Plantation, FL 33324.
2. **THE EHR CONTRACT & HEALTHCARE PLATFORM AGREEMENT**: Plaintiff is a licensed healthcare clinician operating a specialized private medical practice in Palm Beach County, maintaining contractually paid software access with Defendant to host electronic health records (EHR) since 2019 under Kareo, submit patient insurance clearings, and maintain practice management (PM) billing frameworks. Under strict consumer and HIPAA-regulated healthcare platform agreements, Defendant is contractually and legally bound to provide an uncompromised, secure infrastructure, provide comprehensive operational technical assistance during data emergencies, and supply required HIPAA audit trails and system logs upon immediate demand to protect the practice's commercial integrity. Defendant has materially breached these core compacts, rendering its platform completely non-functional. The Cyberattack started in 2023 but heightened in 2026 and caused significant damages to the Plaintiff's practice resulting in mass exodus of patients since the cybercrime was discovered in March of 2026 which is why it is concerning that TEBRA failed to collaborate or even address the cybercrime since they were contacted multiple times since March of 2026.
3. **GROSS SECURITY NEGLIGENCE, AUDIT LOG SUPPRESSION, AND CASH EXTORTION**: Plaintiff explicitly alleges that Defendant permitted a massive, unmitigated cyberattack to compromise its hosted servers, exposing Plaintiff's medical network to multi-front technical intrusions. Despite Plaintiff formally escalating the breach and securing a formal corporate case number, Defendant exhibited total administrative abandonment. Plaintiff made consecutive, urgent requests for vital system audit logs to forensically trace the intrusion and patch her endpoints; Defendant flatly refused and failed to provide these mandatory audit records. Instead, Defendant isolated the Plaintiff

by forcing her to wait for days for non-user-friendly email correspondences, while aggressively demanding that Plaintiff grant third-party remote-control access to her local hardware—a high-risk technical request that Plaintiff explicitly rejected due to clear cybersecurity boundaries. While Defendant completely failed to assist with the active security breach, Defendant simultaneously initiated a hostile campaign of payment harassment, demanding software subscription fees while actively allowing the underlying to cyberattack to destroy Plaintiff's systems.

4. **THE MASS EXODUS OF PATIENTS AND PHYSIOLOGICAL COLLAPSE:** Defendant's gross platform abandonment and technical blocks created a catastrophic operational failure. Because Defendant failed to maintain the security of its interface and blocked the Tebra Billing Practice Management (PM) software from downloading, installing, or operating on Plaintiff's professional MacBook, Plaintiff was completely cut off from her insurance clearings. This platform lock induced a mass exodus of active ~~psychiatric~~ and medical patients who could no longer receive care or clear claims through the compromised infrastructure. This economic block directly induced the absolute destruction of Plaintiff's marriage, forcing her into an active **$5,775.00 past-due residential eviction notice**. The stress of immediate financial starvation directly caused Plaintiff's body weight to plummet from 150 lbs down to a dangerous 110 lbs, causing severe dental neglect and triggering a life-threatening emergency cardiac stabilization episode in a Taiwan hospital due to triggered medical PTSD and historical SVT. Plaintiff explicitly alleges that the aforementioned tortious actions, facilitated continuous harassment, and systemic campaign of personal and financial disruption executed by the Defendants have made it completely, physically impossible for her to obtain or follow up on necessary, mandatory medical and dental care as explicitly recommended by healthcare professionals since 2025. Due to this severe, manufactured state of absolute financial deprivation and total copay insolvency, Plaintiff has been forced into severe medical neglect, rendering her entirely unable to fund or access critical, required healthcare interventions, including significant dental work and necessary clinical evaluations for post-menopausal bleeding that require immediate financial payments.

5. **EMMERGENCY MOTION FOR IMMEDIATE INJUNCTIVE RELIEF COMPLELLING THE INSTANT FORENSIC PRESERVATION OF INTERCEPTED EVIDENCE, CELLULAR ROUTING METADATA, AND ASSIGNED IP ADDRESS TRAFFIC LOG TO PREVENT IMINENT REVENUE SABOTAGE: Plaintiff** meets the strict threshold for emergency judicial relief. There is an absolute likelihood of irreparable harm because once electronic metadata or server logs are altered or deleted, they are permanently unrecoverable, leaving Plaintiff with no adequate remedy at law. Plaintiff explicitly moves this Court to order Defendants to immediately isolate, freeze, and cryptographically preserve all backend communication logs, provider portal access histories, electronic claim transmission registries, and internal IP routing files from 2020 through 2026 to ensure the full scope of the organized network remains intact for third-party forensic subpoena discovery.

6. **WHEREFORE**, Plaintiff, [Your Name], respectfully requests this Court enter judgment against Defendant for compensatory and punitive damages valued at a baseline of **$100, 000, 000 (ONE HUNDRED Million) Dollars)**, and demands a trial by jury.

Respectfully submitted

Date 9/13/26
DR Jimmy Lofaille